UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES V ADAMS,

                    Plaintiff,

          v.

ELDON VAIL et al.,

                    Defendants.

CASE NO. C12-5286 BHS-JRC

ORDER TO ATTEMPT SERVICE
BY MAIL ON DEFENDANTS
MORGAN AND BYRD

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636

(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

        Plaintiff has sent the Court two letters regarding service of process (ECF Nos. 20 and 21).

The Court does not conduct business by letter. If plaintiff wishes the Court to take action,

plaintiff should file and properly note a motion.

        The Court has attempted to serve defendants at the addresses that plaintiff provided.

Plaintiff now provides a different address for defendants Morgan and Byrd (ECF No. 21). The

new address is: DOC Headquarters, P.O. Box 4100 Olympia, WA, 98504-1100.

1    The Court now orders that the Clerk's office attempt service by mail on defendants

2  Morgan and Byrd at this new address.

3        (1)    Service by Clerk

4    The Clerk is directed to send the following to the defendants Morgan and Byrd, by first

5  class mail: a copy of plaintiff's civil rights complaint, a copy of this Order, two copies of the

6  Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of

7  Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

8        (2)    Response Required

9    Defendants shall have **thirty (30) days** within which to return the enclosed waiver of

10 service of summons.  A defendant who timely returns a signed waiver shall have **sixty (60) days**

11 after the date designated on the notice of lawsuit to file and serve an answer to the amended

12 complaint or a motion permitted under Fed. R. Civ. P. 12. A defendant who fails to timely return

13 a signed waiver will be personally served with a summons and complaint, and may be required

14 to pay the full costs of such service, pursuant to Fed. R. Civ. P. 4(d)(2).  A defendant who has

15 been personally served shall file an answer or motion permitted under Fed. R. Civ. P. 12 within

16 **thirty (30) days** after service.

17        (3)    Filing and Service by Parties, Generally

18    All attorneys admitted to practice before this court are required to file documents

19 electronically via the court's CM/ECF system.  Counsel is directed to the Court's website,

20 www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

21 All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

22 with the Clerk.  All filings, whether filed electronically or in traditional paper format, must

23

24

1  indicate in the upper right hand corner the name of the Magistrate Judge to whom the document

2  is directed.

3        For any party filing electronically, when the total of all pages of a filing exceeds fifty

4  (50) pages in length, a paper copy of the document (with tabs or other organizing aids as

5  necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be

6  clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers."

7        Finally, any document filed with the court must be accompanied by proof that it has been

8  served upon all parties that have entered a notice of appearance in the underlying matter.

9        (4)    <u>Motions</u>

10        Regarding the filing of motions before the court, the parties are directed to review Local

11  Rule CR 7 in its entirety.  A few important points are highlighted below:

12        Any request for court action shall be set forth in a motion, properly filed and served.

13  Pursuant to amended Local Rule CR 7 (b), any argument being offered in support of a motion

14  shall be submitted as a part of the motion itself and not in a separate document.  **The motion**

15  **shall include in its caption (immediately below the title of the motion) a designation of the**

16  **date the motion is to be noted for consideration upon the court's motion calendar.**

17        In all instances where one of the parties to a lawsuit is incarcerated, **all** categories of non-

18  dispositive motions not listed in Local Rule CR 7 (d) (1) must be noted for the third Friday after

19  the date of filing and service.  This applies to all non-dispositive motions, even those which are

20  normally (if none of the parties are incarcerated) permitted to be noted for the second Friday

21  after filing.  *See* Local Rule CR 7 (d) (2).

22        All dispositive motions shall be noted for consideration no earlier than the fourth Friday

23  following filing and service of the motion.

24

ORDER TO ATTEMPT SERVICE BY MAIL ON
DEFENDANTS MORGAN AND BYRD - 3

1        (5)    <u>Motions for Summary Judgment</u>

2        If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56,

3 the opposing party should acquaint him/herself with Fed. R. Civ. P 56.  This Rule requires a

4 nonmoving party to submit affidavits or other evidence in opposition to a motion for summary

5 judgment if the moving party has shown the absence of issues of material fact and an entitlement

6 to judgment as a matter of law.  A nonmoving party may not rest upon the mere allegations or

7 denials of prior pleadings.  Rather, successful opposition to a motion for summary judgment

8 requires the nonmoving party to set forth, through affidavits or other evidence, specific facts

9 showing a genuine issue for trial.  Failure by the nonmoving party to oppose a summary

10 judgment motion or to present counter evidence could result in the court accepting the moving

11 party's evidence as the truth, and entering final judgment in favor of the moving party without a

12 full trial.  *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).

13        (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

14        No direct communication is to take place with the District Judge or Magistrate Judge with

15 regard to this case.  All relevant information and papers are to be directed to the Clerk.

16        (7)    <u>Clerk's Action</u>

17        The Clerk is directed to send copies of this Order and of the General Order issued by the

18 Magistrate Judges to Plaintiff.

19        Dated this 20th day of August, 2012.

20

21                     J. Richard Creatura

22                     United States Magistrate Judge

23

24